THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:23-cr-00019-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| TRAVIS LEE JONES, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court upon the Defendant's letter [Doc. 2], which the Court construes as a motion for the early termination of supervised release.

On December 19, 2011, the Defendant was convicted in the Western District of Virginia of one count of conspiracy to distribute more than 500 grams of methamphetamine, in violation of 21 U.S.C. § 846. [Doc. 1-2: Judgment]. He was sentenced to a total term of 240 months' imprisonment to be followed by five years of supervised release. [Id.]. The Defendant's sentence was subsequently reduced to a term of 144 months. [Doc. 1-5]. The Defendant's term of supervision commenced on August 18, 2021. On February 16, 2023, jurisdiction was transferred to this District. [Doc. 1]. The

Defendant now moves the Court to exercise its discretion and terminate his term of supervised release pursuant to 18 U.S.C. § 3583(e)(1). [Doc. 2].

In order to terminate a defendant's term of supervised release, the Court must be "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Upon consultation with the Defendant's supervising probation officer, the Court is not satisfied that termination is warranted under the circumstances. While the Defendant has satisfied his financial obligations, completed his mental health treatment program, and maintained meaningful employment for a sustained period, he has also had two positive drug screens: one for marijuana and another for methamphetamine. The Defendant has been referred to substance use treatment but has not yet had the opportunity to use such services. For these reasons, the Court declines to exercise its discretion to terminate the Defendant's term of supervised release at this time.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's letter [Doc. 2], which the Court construes as a motion for the early termination of supervised release, is **DENIED**. The Defendant's term of supervised release shall continue as originally sentenced.

The Clerk is directed to serve a copy of this Order on the Defendant, counsel for the Government, and the United States Probation Office.

**IT IS SO ORDERED.**

Signed: March 25, 2024

Martin Reidinger
Chief United States District Judge